IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAN WITHERS, Individually and | : | CASE NO.: |
| As Administrator of the Estate of | : | |
| DANNY WITHERS, Deceased | : | JUDGE: |
| 1148 East 125th Street | : | |
| Cleveland, Ohio 44112, | : | |
| | : | |
|    -and- | : | |
| | : | |
| LAVETTE CARR | : | |
| 835 East Blvd., 3rd Floor | : | |
| Cleveland, Ohio 44108, | : | |
| | : | |
|    Plaintiffs, | : | |
| | : | |
|    -vs- | : | |
| | : | |
| CITY OF CLEVELAND | : | COMPLAINT |
| 601 Lakeside Avenue | : | |
| Cleveland, Ohio 44114, | : | (Jury Demand Endorsed Hereon) |
| | : | |
|    -and- | : | |
| | : | |
| DANIEL ZOLA | : | |
| c/o City of Cleveland, Division of Police | : | |
| 1300 Ontario Street | : | |
| Cleveland, Ohio 44113, | : | |
| | : | |
|    -and- | : | |
| | : | |
| JOHN AND/OR JANE DOES 1-10 | : | |
| c/o City of Cleveland Division of Police | : | |
| 1300 Ontario Street | : | |
| Cleveland, Ohio 44113, | : | |
| | : | |
|    -and- | : | |
| | : | |
| JOHN AND/OR JANE DOES 11-30 | : | |
| c/or City of Cleveland Division of Police | : | |
| 1300 Ontario Street | : | |
| Cleveland, Ohio 44113, | : | |
| | : | |
|    Defendants. | : | |

:

Now come Plaintiffs DAN WITHERS, Individually and as Administrator of the Estate of DANNY WITHERS, Deceased and LAVETTE CARR, and for their Complaint against Defendants CITY OF CLEVELAND, DANIEL ZOLA, and JOHN AND/OR JANE DOES 1 – 10 and JOHN AND/OR JANE DOES 11-30 hereby state and aver as follows:

## I. PRELIMINARY STATEMENT

1. An unarmed person should not be shot to death in his own home by law enforcement officers sworn to "serve and protect" the neighborhood and community.

2. On September 30, 2010 Danny Withers died from a fatal gunshot wound to the chest after being shot through the heart with a single bullet by Defendant Daniel Zola, a law enforcement officer with the City of Cleveland Division of Police.

3. Prior thereto, on that day, at approximately 8:40 p.m., an unknown number of John Doe and/or Jane Doe Defendants (law enforcement officers of the City of Cleveland Division of Police) and Defendant Daniel Zola, traveled to Danny Withers' residence located at 1148 East 125th Street, Cleveland, Ohio with an arrest warrant for Danny Withers but without a search warrant to enter the premises.

4. Upon their arrival at 1148 East 125th Street, the defendant law enforcement officers identified in paragraph 3 herein ordered Danny Withers' paternal grandmother, Ida, to exit the house. The defendant officers then proceeded to enter and search the house for Danny Withers. During the search of the premises, defendant law enforcement officers, including but not limited to Defendant Daniel Zola, secured the premises and entered the basement of the premises looking for Danny Withers.

Defendant Daniel Zola shot Danny Withers through the heart where he stood, unarmed, in a closet in the basement. At the time he was shot, Danny Withers was unarmed and/or posed no threat of physical harm to the defendant law enforcement officers, including Defendant Daniel Zola. Danny Withers died as a result of the single gunshot wound inflicted upon him by Defendant Daniel Zola. Plaintiffs bring this case in order to secure fair compensation and to prevent future abuse of citizens by the Defendants.

## II. JURISDICTION

5. Jurisdiction over claims arising from the Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 USC §§ 1331, 1343 (3) and (4).

6. Jurisdiction over the state law claims set forth herein are conferred upon this Court by 28 § USC 1367.

7. Venue is proper in this Division, as all acts occurred within the City of Cleveland, State of Ohio and within the jurisdiction and venue of Northern District of Ohio, Eastern Division.

## III. THE PARTIES

8. Plaintiff Dan Withers is the natural father and Administrator of the Estate of Danny Withers. Plaintiff Dan Withers brings this suit both in his capacity as Administrator of the Estate of Danny Withers, for the benefit of his heirs, and in his individual capacity.

9. Plaintiff LaVette Carr is the natural mother of Danny Withers, who is deceased. Ms. Carr brings this suit in her individual capacity.

10. Defendant City of Cleveland is a unit of local government organized under the laws of the State of Ohio.

11. Defendant Daniel Zola was at all times relevant to this action employed by the Defendant City of Cleveland as a law enforcement officer and was at all times relevant hereto acting under color of law. He is sued in his individual and official capacities.

12. Defendants John and/or Jane Does 1 – 10 are and/or were law enforcement officers who accompanied Defendant Daniel Zola on September 30, 2010, entered Danny Withers' residence, and assisted and/or were complicit in the shooting of Danny Withers and were, at all times relevant to this action, employed by the Defendant City of Cleveland as police officers and were, at all times relevant hereto, acting under color of law. Each of said defendants are sued in their individual and official capacities.

13. Defendants John and/or Jane Does 11 – 30 are and/or were law enforcement officers who were responsible for the hiring, training, supervision, policy making, discipline, and/or investigation of defendant law enforcement officers herein, including, but not limited to, Defendant Daniel Zola and/or Defendants John and/or Jane Does 1 through 10 and were, at all times relevant to this action, employed by the Defendant City of Cleveland as police officers and were, at all times relevant hereto, acting under color of law. Each of said defendants are sued in their individual and official capacities.

## FACTS:

**A.     Search Warrants Under Federal and State Law**

14. The Fourth Amendment to the United States Constitution protects the rights of persons to be "secure in their houses" and prohibits "unreasonable searches and seizures." The Amendment allows search warrants "upon probable cause, supported by

4

Oath or affirmation and particularly describing the place to be searched, and the persons to be seized."

15. All search warrants must be executed in a reasonable manner. All force used in the execution of a search warrant must also be reasonable.

**B.     Warrantless Entry Into and Excessive Force Within the Withers' Home**

16. Danny Withers was born on August 9, 1989 and resided at the home of his paternal grandmother, located at 1146 East 125th Street, Cleveland, Ohio on September 30, 2010.

17. On September 30, 2010 at approximately 8:40 p.m., law enforcement officers of the City of Cleveland Division of Police traveled to 1146 East 125th Street, Cleveland, Ohio, reportedly to execute an arrest warrant for Danny Withers.

18. On information and belief, upon their arrival, Defendants John and/or Jane Does 1 – 10 and Defendant Daniel Zola ordered Danny Withers' paternal grandmother to open the door of 1146 East 125th Street to let them search the residence.

19. On information and belief, Danny Withers' paternal grandmother opened the door and Defendants John and/or Jane Does 1 – 10 and Defendant Daniel Zola entered the premises dressed in full SWAT uniforms with guns drawn.

20. On information and belief, the named defendants herein did not have a search warrant for the premises located at 1146 East 125th Street, Cleveland, Ohio.

21. On information and belief, Danny Withers' paternal grandmother did not grant permission and/or authorization to the named defendants herein to enter and/or search the premises located at 1146 East 125th Street, Cleveland, Ohio.

22. On information and belief, Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola ordered Danny Withers' paternal grandmother to exit the premises.

23. During their warrantless search of the premises located at 1146 East 125th Street, Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola entered the basement.

24. While in the basement, Defendant Daniel Zola, with the assistance and/or complicity of Defendants John and/or Jane Does 1 – 10, shot Danny Withers in the chest while Danny Withers was standing within a wooden built-out closet.

25. At the time he was shot, Danny Withers was not armed and posed no risk to the safety of any of the law enforcement officers.

26. The shooting of Danny Withers was excessive, unreasonable, and completely unnecessary.

  **C.** **Policies and Practices, Abuse of Power**

27. The entry into the Withers' home and subsequent search thereof was warrantless, unconstitutional, and unreasonable. On information and belief, the entry and search of the premises was part of a pattern and practice by Defendants of entering homes to execute arrest warrants without a search warrant.

28. Defendants John and/or Jane Does 1 – 10 and Defendant Daniel Zola acted negligently, intentionally, recklessly, wantonly, and with deliberate indifference to the constitutional rights of Danny Withers and Plaintiffs.

29. The Defendants, through their customs, policies, patterns, and practices have each acted negligently, intentionally, recklessly, wantonly, and with deliberate indifference to the constitutional rights of Danny Withers and Plaintiffs.

30. The actions of the Defendants reflect an arbitrary abuse of government power, which shocks the conscience.

31. The policies, customs, patterns, and practices of Defendants were the moving force behind the constitutional violations suffered by Danny Withers and Plaintiffs.

32. Although the policy makers were on notice of the obvious need to train and supervise police in these areas, Defendants failed to train and supervise the individual police officers who conducted this search in obtaining search warrants to enter premises to execute arrest warrants, proper use of tactical teams, proper tactical decision making, proper tactical investigations, proper surveillance, proper development of an operational plan, proper search procedures, proper use of force procedures and proper procedures regarding the investigation of serious crimes. As such, Defendants were deliberately indifferent to the rights of citizens subject to investigation and searches, including the Plaintiffs.

### D. Injuries and Damages

33. Danny Withers was transported by Cleveland EMS to Huron Hospital where he was admitted to the emergency room at approximately 9:10 p.m. in full arrest. Danny Withers was subsequently pronounced dead from the injuries sustained.

34. Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola acted intentionally, knowingly, maliciously, willfully, wantonly, recklessly, negligently,

7

unreasonably and with deliberate indifference to the rights and safety of Danny Withers during their actions, inactions, and/or interactions with Danny Withers on September 30, 2010, including, but not limited to, their entry into and search of Danny Withers' residence located at 1146 East 125th Street without a search warrant, and their use of deadly force against him, which resulted in his death.

35. As a direct and proximate result of the conduct of Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola, Danny Withers suffered injury, pain and suffering, emotional and psychological trauma, and eventually, death, as a result of such injuries.

36. As a direct and proximate result of Danny Withers' wrongful death, Danny Withers' survivors, next of kin, and/or heirs, including Plaintiffs Dan Withers and LaVette Carr, have suffered injury, including but not limited to, grief, depression, loss of society, and severe emotional distress. They have further incurred funeral bills and other expenses and will likely incur additional expenses and/or injury in the future.

37. Danny Withers suffered serious physical and psychic injury, pain, and trauma prior to his death.

I. FIRST CAUSE OF ACTION: CLAIM FOR EXCESSIVE FORCE 42 USC § 1983

38. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 37 as if fully restated herein.

39. Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola have, under color of law, deprived Danny Withers of clearly established rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable person would have known. These rights

include, but are not limited to, the right to due process of law, the right to be free from excessive force, and the right to be free from unreasonable searches and seizures.

40. Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola's use of force against Danny Withers was objectively unreasonable in light of clearly established constitutional rights.

41. Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola's use of force against Danny Withers violated clearly established constitutional rights of Danny Withers, as more fully set forth above, and said rights were clearly established at the time of said violation such that a reasonable officer would have understood that his or her actions and/or inactions violated said rights.

42. As a direct and proximate result of Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola's objectively unreasonable use of force against Danny Withers, in violation of Danny Withers' clearly established constitutional rights, privileges, and/or immunities, Plaintiffs suffered damage, injury, and/or death.

## II. SECOND CAUSE OF ACTION: UNREASONABLE SEARCH AND SEIZURE 42 USC § 1983

43. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 43 as if fully restated herein.

44. Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola have, under color of law, deprived Danny Withers of clearly established rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable person would have known. These rights include, but are not limited to, the right to due process of law, the right to be free from excessive force, and the right to be and free from unreasonable searches and seizures.

9

45. On information and belief, Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola's entry into Danny Withers' residence without a search warrant was objectively unreasonable in light of clearly established constitutional rights.

46. Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola's warrantless entry into Danny Withers' residence violated clearly established constitutional rights of Danny Withers, as more fully set forth above, and said rights were clearly established at the time of said violation such that a reasonable officer would have understood that his or her actions and/or inactions violated said rights.

47. As a direct and proximate result of Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola's objectively unreasonable warrantless entry into Danny Withers' residence, in violation of Danny Withers' clearly established constitutional rights, privileges, and/or immunities, Plaintiffs suffered damage, injury, and/or death.

### III. THIRD CAUSE OF ACTION: FAILURE TO TRAIN AND/OR SUPERVISE EMPLOYEES 42 USC §1983

48. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 47 as if fully restated herein.

49. The Defendant City of Cleveland and/or John and/or Jane Does 11 – 30 were responsible for the training and/or supervision of its law enforcement officers, including but not limited to Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola.

50. The training and/or supervision of Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola was and/or were inadequate for the tasks performed by said law enforcement officers.

51. The inadequacy of the training and/or supervision of Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola was the result of the Defendant City of Cleveland's deliberate indifference to the constitutional rights, privileges, and/or immunities of citizens of the United States and/or the community at large.

52. The inadequacy of the training and/or supervision of Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola was closely related to or actually caused the injury to Danny Withers and/or Plaintiffs herein.

IV. FOURTH CAUSE OF ACTION: SUPERVISORY LIABILITY 42 USC § 1983

53. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 52 as if fully restated herein.

54. Defendants City of Cleveland and/or Defendants John and/or Jane Does 11 – 30 had supervisory roles over Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola.

55. On information and belief, Defendants City of Cleveland and/or John and/or Jane Does 11 – 30 encouraged the specific incident of misconduct in the within matter, to wit: the warrantless entry into Danny Withers' residence and/or the excessive, deadly force used against Danny Withers or in some other way directly participated in said conduct, or directed, ordered, authorized, approved, and/or knowingly acquiesced in the unconstitutional conduct of Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola.

56. On information and belief, Defendants City of Cleveland and/or John and/or Jane Does 11 – 30 conduct subjected Danny Withers to the deprivation of constitutional rights as set forth herein.

57. As a direct and proximate result of Defendants City of Cleveland and/or John and/or Jane Does 11 – 30 Plaintiffs suffered damage, injury, and/or death.

## V. FIFTH CAUSE OF ACTION: OFFICIAL POLICY OR CUSTOM AND PRACTICE OF MUNICIPALITY 42 USC § 1983

58. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 57 as if fully restated herein.

59. On information and belief, Defendant City of Cleveland and/or John and/or Jane Does 11 – 30 adopted, implemented, created, authorized, executed, and/or maintained an official policy or custom and practice relative to executing arrest warrants; executing arrest warrants without corresponding search warrants; entering residences without search warrants; the use of deadly force; and/or failure to conduct thorough internal affairs investigations and/or discipline officers for improper or unjustified use of force.

60. On information and belief, Defendant City of Cleveland and/or John and/or Jane Does 11 – 30 failed to adopt, implement, create, authorize, execute, and/or maintain an adequate official policy or custom and practice relative to executing arrest warrants; executing arrest warrants without corresponding search warrants; entering and searching residences without search warrants; the use of deadly force, and/or failure to conduct thorough internal affairs investigations and/or discipline officers for improper or unjustified use of force despite a known or obvious need for such adequate policy or custom and/or warrant.

61. Defendant City of Cleveland and/or Defendants John and/or Jane Does 11 – 30 official policy or custom or failure to adopt an adequate policy or custom and practice as alleged herein constitutes deliberate indifference to the constitutional and/or

federal statutory rights, privileges, and/or immunities of citizens of the United States and/or citizens of the community at large.

62. The official policy or custom and practice relative to executing arrest warrants; executing arrest warrants without corresponding search warrants; entering and searching residences without search warrants; the use of deadly force; and/or failure to conduct thorough internal affairs investigations and/or discipline officers for improper or unjustified use of force or the failure to adopt adequate policies or customs relative thereto was the moving force of the constitutional violation(s) against Danny Withers and/or Plaintiffs.

63. The deliberate indifference of Defendant City of Cleveland and/or Defendants John and/or Jane Does 11 – 30 herein in adopting an official policy or custom and practice or failing to adopt an adequate policy or custom and practice relating to executing arrest warrants without corresponding search warrants; the use of deadly force; and/or failure to conduct thorough internal affairs investigations and/or discipline officers for improper or unjustified use of force directly and proximately caused and/or lead to the deprivation of Danny Withers and/or Plaintiffs' constitutional rights in the within matter, thus resulting Plaintiffs' damage, injury, and/or death.

### VI. SIXTH CAUSE OF ACTION: SUPERVISOR OR MUNICIPALITY POST-DEPRIVATION RATIFICATION 42 USC § 1983

64. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 63 as if fully restated herein.

65. On information and belief, Defendant City of Cleveland and/or Defendants John and/or Jane Does 11 – 30 have, subsequent to September 30, 2010, ratified decisions made by and/or actions and/or inactions of Defendants John and/or Jane

Does 1 – 10 and/or Defendant Daniel Zola on or about September 30, 2010 relative to the deprivation of Danny Withers' constitutional rights.

66. On information and belief, Defendant City of Cleveland and/or Defendants John and/or Jane Does 11 – 30 have, subsequent to September 30, 2010, ratified the unconstitutional basis for decisions made by and/or actions and/or inactions of Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola on or about September 30, 2010 relative to the deprivation of Danny Withers' constitutional rights.

67. Defendants City of Cleveland and/or Defendants John and/or Jane Does 11 – 30 acted under color of law.

68. Defendants John and/or Jane Does 11 – 30 had final policymaking authority from Defendant City of Cleveland concerning the acts of its subordinate officers, including but not limited to Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola and, accordingly, Defendants John and/or Jane Does 11 – 30 and/or Defendant City of Cleveland had capacity to ratify past acts of said defendants.

69. Subsequent to September 30, 2010, Defendants John and/or Jane Does 11 – 30 and/or Defendant City of Cleveland ratified Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola's acts and the basis for said acts by knowing of and specifically approving of said Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola's acts and basis therefore.

70. By ratifying the acts of Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola, Defendants City of Cleveland and/or Defendants John and/or Jane Does 11 – 30 have consented to be bound by the acts of said defendants.

14

71. By ratifying the deprivations of constitutional and/or federal statutory rights of Danny Withers and/or Plaintiffs herein, the Defendant City of Cleveland and/or Defendants John and/or Jane Does 11 – 30 are liable for the damages sustained by Plaintiffs, as previously alleged herein.

## VII. SEVENTH CAUSE OF ACTION: ASSAULT (STATE LAW CLAIM)

72. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 71 as if fully restated herein.

73. Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola, acting within the course and scope of their employment with Defendant City of Cleveland and/or under color of law, intentionally, knowingly, maliciously, willfully, wantonly, recklessly, negligently, and/or unreasonably threatened and/or attempted to harm or touch Danny Withers offensively.

74. Said actions of said defendants reasonably placed Danny Withers in fear of offensive contact.

75. Said defendants know with substantial certainty that his or their actions would bring harmful or offensive contact to Danny Withers.

76. As a direct and proximate result of the actions of said defendants, Danny Withers was placed in apprehension and/or fear of harmful and offensive physical contact and suffered mental, emotional, psychological, and/or bodily harm as a result thereof.

## VIII. EIGHTH CAUSE OF ACTION: BATTERY (STATE LAW CLAIM)

77. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 76 as if fully restated herein.

78. Defendants John and/or Jane Does 1 – 10 and/or Defendant Daniel Zola, acting within the course and scope of their employment with Defendant City of Cleveland and/or under color of law, intentionally, knowingly, maliciously, willfully, wantonly, recklessly, negligently, and/or unreasonably caused harmful or offensive contact with Danny Withers and harmful and/or offensive contact to Danny Withers resulted.

79. As a direct and proximate result of the actions of said defendants, Danny Withers did incur and endured conscious physical and/or emotional and/or psychological pain, suffering, and/or discomfort prior to his death and Danny Withers did sustain fatal injury and did die as a direct and proximate result of the injury inflicted upon him by said defendants.

80. That as a further direct and proximate result of the actions of said defendants, Danny Withers suffered loss of enjoyment of his life, by reason of the fact that at the time of his death, Danny Withers' life expectancy was another significant number of years.

## IX. NINTH CAUSE OF ACTION: WRONGFUL DEATH (STATE LAW CLAIM)

81. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 80 as if fully restated herein.

82. Defendants John and/or Jane Does 1 – 10, John and/or Jane Does 11 – 30, Defendant City of Cleveland, and/or Defendant Daniel Zola's actions caused the wrongful death of Danny Withers resulting in damages to his next-of-kin recoverable under ORC 2125.02.

83. Danny Withers is survived by his natural father Dan Withers and his natural mother, LaVette Carr, who are both beneficiaries of this action and presumed by statute to have sustained damages as a result of the wrongful death of their son, Danny Withers.

84. As a further direct and proximate result of the actions and/or inactions of all defendants named herein, collectively or individually herein in causing the wrongful death of Danny Withers, Plaintiffs has and/or have suffered out of pocket expenses, as well as damages for loss of society, services, companionship, care, assistance, attention, protection, guidance, counsel, instruction, training, and/or love.

85. As a further result, Plaintiffs Dan Withers and/or LaVette Carr have experienced, and will continue to experience, profound mental anguish and grief.

## X. TENTH CAUSE OF ACTION: SURVIVORSHIP OF DANNY WITHERS (STATE LAW CLAIM)

86. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 85 as if fully restated herein.

87. As a direct and proximate result of the actions and/or inactions of all defendants named herein, individually and/or collectively, Danny Withers sustained severe physical injuries, pain and suffering, and resultant death.

88. As a result thereof, Danny Withers lost the use and enjoyment of his physical faculties, his ability to enjoy life and his ability to engage in his usual and ordinary functions and activities.

89. As a further result thereof, Danny Withers experienced great physical pain and suffering, with attendant emotional distress, mental anguish, fear, and anxiety, until his untimely death.

90. Danny Withers, by and through his estate, is entitled to compensation for damages as more fully detailed herein.

## XI. ELEVENTH CAUSE OF ACTION: PARENTAL LOSS OF CONSORTIUM (STATE LAW CLAIM)

91. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 90 as if fully restated herein.

92. Plaintiff Dan Withers, in his individual capacity, and Plaintiff LaVette Carr were the natural parents of Danny Withers.

93. As a direct and proximate result of the actions and/or inactions of each named defendant herein, individually and/or collectively, Plaintiff Dan Withers and/or Plaintiff LaVette Carr have been and are permanently deprived of the companionship, society, love, and/or affection of their son, Danny Withers.

94. As a further direct and proximate result of the actions and/or inactions of each named defendant herein, individually and/or collectively, Plaintiffs Dan Withers and/or LaVette Carr have suffered damages, including, but not limited to, those more fully detailed previously herein, as well as loss of services, society, companionship, comfort, love and solace of their son, Danny Withers.

## XII. TWELFTH CAUSE OF ACTION: PUNITIVE DAMAGES

95. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation set forth in paragraphs 1 through 94 as if fully restated herein.

96. Defendants John and/or Jane Does 1 – 10, Defendant Daniel Zola, and/or Defendants John and/or Jane Does 11 – 30 engaged in conduct with malicious intent and/or willful and wanton disregard for the safety of Danny Withers.

97. Plaintiffs demand an award of punitive damages against Defendants John and/or Jane Does 1 – 10, Defendant Daniel Zola, and/or Defendants John and/or Jane Does 11 – 30 on all causes of action set forth herein where such damages are permitted.

## DEMAND FOR TRIAL BY JURY

98. Plaintiffs hereby request and/or demand a jury trial on all causes of action triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DAN WITHERS, Individually and as Administrator of the Estate of DANNY WITHERS, Deceased and LAVETTE CARR by and through undersigned counsel Larry W. Zukerman, Esq. and S. Michael Lear, Esq., hereby demand judgment in their favor as follows:

A. Compensatory damages in an amount to be shown at trial;

B. Punitive Damages against Defendants John and/or Jane Does 1 – 10, Defendant Daniel Zola, and/or Defendants John and/or Jane Does 11 – 30 in an amount to be shown at trial;

C. Costs incurred in this action and reasonable attorney fees pursuant to 42 USC § 1988;

D. Prejudgment interest; and

E. Such other and further relief which this Honorable Court deems just and equitable.

Respectfully Submitted,

/s/ Larry W. Zukerman, Esq.
LARRY W. ZUKERMAN, Esq.
(#0029498)
S. MICHAEL LEAR, Esq.
(#0041544)
ZUKERMAN, DAIKER & LEAR, Co., L.P.A.
3912 Prospect Avenue East
Cleveland, Ohio 44115
(216) 696-0900
lwz@duiohio.com
Counsel for Plaintiffs