UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAN WITHERS, ADMINISTRATOR, ET AL., | ) ) ) | CASE NO.1:11CV2004 |
| Plaintiffs, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| THOMAS SHOULDERS, ET AL., | ) ) | **OPINION AND ORDER** |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion to Dismiss of Defendants Thomas Shoulders and David Shapiro (ECF # 59) and the City of Cleveland's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF # 52). For the following reasons, the Court grants the Motions and dismisses the above-captioned case.

### Background Facts

The background facts as previously recounted by the Court are reiterated here. On September 30, 2010, Officer Daniel Zola ("Defendant") was attempting to serve an arrest warrant with Sergeant Shoulders and Detective Shapiro on Danny Withers at his home. The arrest concerned Withers' alleged involvement in an armed robbery a few days prior where he

allegedly threatened a bank teller with "blowing her head off" if she put a dye pack with the money he ordered her to pack.

On the day in question, Zola, Shoulders and Shapiro approached Wither's grandmother's house, where Withers resided, to place him under arrest.  When they arrived at the house, the three officers knocked and called up for Withers but accidentally stated the name "Kevin."  After someone shouted from the second floor that no one living at the house went by that name, Shapiro yelled up "Danny, it's the police."  The individual on the second floor then disappeared.  At this time, the officers believed that the man who had yelled down to them was Withers and continued to knock on the door until Withers' grandmother answered.

Upon the grandmother answering their calls, the three officers told her that they were looking for Withers and the grandmother asked if they were looking for her son or grandson.  When she opened the door, the officers entered the house and shouted orders for Withers to surrender himself.  Withers refused to surrender by hiding so the officers began a sweep of the home to find him.  Throughout the search, Withers refused to answer Defendants' calls to surrender and continued to evade the three officers pursuing him.  At this time, the officers called backup officers to setup a perimeter around the house to ensure Withers did not escape.  The officers continued to search the house and ended up searching the basement.  The basement was poorly lit and contained only one lightbulb.  While walking down the basement stairs, the officers continued to yell down to Withers to surrender and show his hands.  Withers failed to reply or indicate that he intended to surrender.  While sweeping the basement, officers had their weapons drawn and used flashlights.

The officers discovered a closet in the basement with the door closed.  Zola positioned himself in front of the closet door.  Shoulders opened the door and a silhouette moved its right hand up quickly at which point Zola discharged his service weapon.  The silhouette was that of Withers and Zola had shot him in the chest.  Zola acknowledges that because of how dark the closet was, he could only make out a silhouette of a man and he could not assess what, if anything, was in Withers' raised hand.  At this point, officers quickly secured Withers and the area around him but failed to find a firearm.  The officers radioed in an ambulance but Withers died shortly thereafter at a hospital.  While the ambulance was taking Withers away, a neighbor by the name of Dennis Daniel overheard a conversation between "a 'superior officer' and another officer" regarding the events inside.  Daniel claims he observed the "superior officer" ask the other officer what had happened.  The other officer replied that while in the basement, "we said 'get down fucker, get down fucker'" and then presumably Zola shot Withers.  Daniel confronted the officers about the statement and accused them of shooting Withers when they did not have to.  The officers did not answer and were visibly frustrated with Daniel's questions.  However, Daniel was unable to verify who the officers were that he overheard.

## Procedural History

On September 22, 2011, Plaintiffs filed their original Complaint presenting claims that Decedent, Danny Withers, was unlawfully shot and killed by Cleveland Police Officers who were allegedly conducting an unlawful search and seizure.  (Pls.' Compl. (ECF DKT #1)). On January 31, 2012, Defendant Zola filed his Motion to Dismiss or, in the alternative, Motion for Summary Judgment Based on Qualified Immunity.  (ECF DKT #14).  On April

23, 2012, Plaintiffs filed their Amended Complaint without complying with the Fed. R. Civ. P. 15 requirement for Leave of Court. (ECF DKT #26). The First Amended Complaint added no new claims, but only eliminated seven John Doe defendants, identified Shapiro and Shoulders and added facts already argued and presented on Summary Judgment. (*See* Order Granting Def.'s Mot. to Strike (ECF DKT #40)). Upon Defendants' and Plaintiffs' Motions, the Court struck and simultaneously granted leave for Plaintiffs to instantly file Plaintiffs' First Amended Complaint. *Id.* at 5. Plaintiffs' First Amended Complaint only named Defendants Shapiro and Shoulders in one federal claim, Count II, alleging a 42 U.S.C. § 1983 claim for Unlawful Search and Seizure in violation of the Fourth Amendment. (Pls.' First Am. Compl. at 15-16).

Zola moved for summary judgment on the basis that his use of deadly force against Withers was reasonable and the search was lawful, therefore, he was entitled to qualified immunity. Plaintiffs filed an Brief in Opposition to Zola's Motion and also filed a Motion for Limited Discovery. The Court in its Opinion of September 27, 2012, granted, in part, Zola's Motion, finding the search was lawful and Zola was entitled to qualified immunity on Plaintiffs' claim for an unlawful search. The Court further held Withers' mother and father lacked standing to assert Fourth Amendment violations for an unlawful search because they could not show and did not allege a property or privacy interest in the house where Withers' was shot, nor do they allege they were on premises at the time of the shooting. The Court withheld ruling on Zola's Motion as to Plaintiffs' claim of unlawful seizure and ordered limited discovery to ascertain more details regarding Daniel's statement about the police officers' conversation and to assess the qualified immunity defense. Plaintiffs were permitted

to depose Zola, Shoulders and Shapiro.  Upon completion of the limited discovery, the Court permitted an additional Opposition Brief by Plaintiffs.  On May 1, 2014, the Court granted Zola's Motion on all federal claims.

On May 2, 2014, the City of Cleveland filed its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.  The City of Cleveland argues that by finding Zola was entitled to qualified immunity on all Plaintiffs' federal claims, the City is entitled to judgment because, without an underlying constitutional violation, the City is not liable for the actions of its officers.  The Court allowed Plaintiffs to Amend their Complaint to add Shoulders and Shapiro as named Defendants (previously, they were only John Doe Defendants) and withheld ruling on the City of Cleveland's Motion until it addressed Shoulders' and Shapiro's liability.  Shoulders and Shapiro now move to dismiss the claims against them based on the Court's prior determination that the search was lawful and that Withers' parents lacked standing to assert violations of their own Fourth Amendment rights.

## II.  ANALYSIS

**Unlawful search as to Defendants Shoulders and Shapiro**

The sole federal claim relating to Shoulders and Shapiro is Plaintiffs' claim of an unlawful search in violation of the Fourth Amendment, brought under 42 U.S.C. §1983.  However, the Court has already addressed the search issue and upheld it as valid in a previous opinion.  *Withers v. Cleveland*, No. 1:11CV2004, 2012 WL 4483812 (N.D. Ohio Sept. 27, 2012).

The Sixth Circuit has stated that "[a]n arrest warrant founded on probable cause carries with it the limited authority to enter a suspect's home if there is reason to believe that

5

he is there." *United States v. Stover*, 474 F.3d 904, 911 (6th Cir. 2007) (citing *Payton v. New York*, 445 U.S. 573, 603 (1980)).  Once an officer has an arrest warrant and reason to believe that the suspect is inside the house, he or she may search all areas of the house where the suspect may reasonably be found.  *Id.* (citing *Maryland v. Buie*, 494 U.S. 325, 332-33 (1990)).  The Court, in its prior ruling relied on the fact that the Defendant officers had an arrest warrant for Withers and traveled to his residence to execute it.  Plaintiffs' First Amended Complaint acknowledges Danny resided at his grandmothers house, located at 1146-48 East 125th Street, Cleveland, Ohio; the same address Defendants went to serve the arrest warrant on Danny.  Next, although Defendants yelled out the wrong name initially when they arrived at the house, the male who yelled down to Defendants disappeared once another officer shouted up, "Danny, it's the police."  In addition, when the officers spoke with Withers' grandmother, she inferred that someone by the name of "Dan Withers" lived at the house when she asked which "Dan" the officers were looking for.  Lastly, although it is disputed whether or not Withers' grandmother expressly consented to the officers' entrance, at this point they had reason to believe Withers was in the house and could enter it to enforce a valid arrest warrant.  The officers had a valid arrest warrant and reason to believe Withers was in the house to justify entering to locate him.  Nothing has changed to make the Court reconsider its prior ruling, and for the same reasons that the Court found Zola's search lawful, the Court finds Shoulders and Shapiro are entitled to dismissal of the federal claim against them because there was no violation of Plaintiffs' constitutional rights.

     Also, insofar as the Complaint and First Amended Complaint allege a violation of

Plaintiffs Dan Withers' and Lavette Carr's Fourth Amendment rights due to an unlawful search, the Court has already determined they lack standing to assert such a claim as they allege no property interest in the home where the search occurred, nor do they allege they were present on the premises when the search occurred.  Under applicable law, Plaintiffs lack standing to assert Fourth Amendment violations on their own behalf.  See *Brown v. United States*, 411 U.S. 223, 229 (1973); *U.S. v. King* 227 F.3d 732, 749 (6th Cir.2000).  Therefore, for the foregoing reasons, the Court grants Defendants Shoulders' and Shapiro's Motion to Dismiss Plaintiffs' claim of unlawful search.  This disposes of the only federal claim against these Defendants.  The Court declines to exercise its supplemental jurisdiction over Plaintiffs remaining state law claims.

**<u>Claims Against the City of Cleveland</u>**

Plaintiffs allege a number of federal claims against the City of Cleveland, brought under 42 U.S.C. §1983, for constitutional violations arising from the shooting of Danny Withers.  These claims include Failure to Train/ Supervise, Supervisory Liability, Unlawful Official Policy, Custom or Practice and Supervisor or Municipality Post- Deprivation Ratification.

The City of Cleveland has filed its Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment.  Its argument is simple and straightforward.  In the absence of a constitutional violation by an officer, there can be no municipal liability.  The Court agrees. Having found no constitutional violation by officers Zola, Shoulders or Shapiro, it is axiomatic that there can be no municipal liability for the lawful conduct of the officers.  "A municipality cannot be held liable under §1983 absent an underlying constitutional violation

by its officers." *Jones v. City of Cincinnati*, 521 F.3d 555, 560 (6th Cir. 2008) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1996)). Without the requisite underlying constitutional violation by Defendant Officers, the City cannot be liable for any §1983 claim. See also *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983").

Therefore, for the foregoing reasons, the Court grants Defendants' Motions to Dismiss and dismisses all federal claims against officers Shoulders and Shapiro and the City of Cleveland.  The Court declines to exercise its supplemental jurisdiction over the remaining state law claims and dismisses the above-captioned case in its entirety.

IT IS SO ORDERED.

        s/ Christopher A Boyko
        CHRISTOPHER A. BOYKO
        United States District Judge

Dated:  February 6, 2015