IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAN WITHERS, et al., | ) | Case No.: 1:11-CV-2004 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| vs. | ) | **PLAINTIFFS' MOTION TO** |
| | ) | **SHOW CAUSE AND FOR SANCTIONS** |
| CITY OF CLEVELAND, et al., | ) | **DUE TO THE DEFENDANTS'** |
| | ) | **JULY 9, 2018 DISCLOSURE OF** |
| | ) | **ADDITIONAL, RELEVANT** |
| | ) | **MATERIALS AND DOCUMENT** |
| | ) | **DUMP OF NON-RELEVANT** |
| | ) | **MATERIALS** |
| | ) | |
| Defendants. | ) | (Oral Hearing Requested) |

Now come the Plaintiffs, by and through undersigned counsel, and respectfully move this Honorable Court, pursuant to Civ. R. 37(c)(1) to impose sanctions on the Defendants due to their July 9, 2018 disclosure of more than 10,000 pages of documents, records, and tangible things that they previously provided to their expert witness, Dr. Ron Martinelli, but failed to previously disclose to Plaintiffs' counsel. Moreover, based on Plaintiffs' counsel's subsequent and continuing review of said materials, while some of the materials are clearly relevant to this matter, more than 8,500 pages of the materials provided by the Defendants in their July 9, 2018 disclosure have zero relevance to any of the claims and/or defenses in this matter and constitute an impermissible and sanctionable document dump of what appears to be every file contained on Defense counsels' computers rather than being limited to materials that are relevant to this case, as more fully set forth in the Brief in Support, attached hereto and incorporated herein.

Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (0029498)

BRIAN A. MURRAY, Esq. (0079741)
Zukerman, Daiker & Lear, Co., L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
lwz@zukerman-law.com
bam@zukerman-law.com
Counsel for Plaintiffs

**BRIEF IN SUPPORT**

I.  **STATEMENT OF THE CASE**

Plaintiffs' causes of action in this matter are based on Defendant City of Cleveland Police Officer Daniel Zola's use of excessive force in shooting and killing decedent Danny Withers on September 30, 2010 while Withers was standing unarmed and inside a closet in his grandmother's residence.[1] Plaintiffs also have several, related *Monell* claims pending against the Defendant City of Cleveland.[2]

II.  **STATEMENT OF FACTS REGARDING THE DEFENDANTS' FAILURES TO COMPLY WITH RULE 26'S MANDATORY DISCLOSURE REQUIREMENTS**

Despite the fact that this matter has been pending for almost seven (7) years, on July 9, 2018, ten (10) days prior to Plaintiffs' deposition of the Defendants' expert witness, Dr. Ron Martinelli, thirty-four (34) days before trial, and more than eight (8) months after the fact discovery cutoff, Defense counsel provided Plaintiffs' counsel with two (2) drop box files that purportedly contained materials that they previously provided to Dr. Martinelli for his review and analysis in this matter, but failed to previously disclose to Plaintiffs' counsel.[3] Defense counsel only provided said records after Plaintiffs' counsel contacted them, advised them of their Rule 26 violations, and demanded that they produce the additional materials by 4:00 p.m. on July

---

[1] Amended Complaint, Doc #: 30-1.
[2] *Id*.
[3] July 9, 2018 Email correspondence from Defense counsel, attached hereto as Exhibit 1.

2

9, 2018.[4] Said drop box files contained more than twenty-file folders worth of documents and records, and also included multiple subfolders within subfolders.[5] Based on Plaintiffs' counsel subsequent and continuing review of said drop box files, Defense counsel provided Dr. Martinelli with more than 10,000 pages of materials that they failed to previously provide to Plaintiffs' counsel, including but not limited to personnel files, policy and training records, and internal affairs investigations into prior use of force investigations.

Upon reviewing said files, Plaintiffs' counsel determined that said files contained more than 8,500 pages of materials that had no relevance to Plaintiffs' causes of action and/or any potential defense of the Defendants. It appears that Defense counsel simply copied a hard drive and/or drives from their computer and/or computers and submitted every file contained on said hard drive and/or drives for their expert and Plaintiffs' counsel to review regardless of whether said files had any relevance to the causes of action and/or defenses in this matter. The Defendants' expert, Dr. Martinelli admitted during his deposition that he reviewed and/or "thumbed through" all of the materials that Defense Counsel provided him at $300.00 an hour and on his way to charging the Defendants more than $15,000.00 to date even though he realized during his review of said materials that thousands and thousands of pages of the materials had no relevance to this case and/or to his analysis in this case.

By way example, some of the non-relevant materials recently disclosed by the Defendants, include but are not limited to:  1)  personnel files of various City of Cleveland employees from various departments, including but not limited to the Water and Fire Departments; 2) City Council records and meeting minutes from as far back as 2002; 3) City Planning Records; 4)

---

[4] Letter from Plaintiffs' counsel, dated July 5, 2018, attached hereto as Exhibit 2.
[5] Please see screenshot of files and folders provided on by the July 9, 2018 drop box links, attached hereto as Exhibit 3.  Note that said screenshot does not depict any of the subfolders.

Finance Department records and purchase orders; 5) Capital Project records; 6) insurance agreements and contracts for the Republican National Convention; 7) hundreds of photographs from motor vehicle accidents; and 8) documents from other cases in which the City of Cleveland was a party, including but not limited to worker's compensation cases.

Further complicating Plaintiffs' counsel's review of the newly disclosed records is the fact that none of the records are bates stamped. Thus, while some of the recently disclosed records appear to be records that were originally disclosed as part of the Defendants' initial disclosures on January 9, 2012, Plaintiffs' counsel has been forced to review, organize, and compare the recently disclosed records to the records previously provided by the Defendants that were bates stamped 1-159.

As it relates to the Defendants' prior disclosures in this matter, on January 9, 2012, Defendants Zola and City of Cleveland jointly submitted their initial disclosures to Plaintiffs' counsel.[6] Said disclosures consisted of documents containing bates stamps 1-159 and 114 photographs, for a total of 273 pages of documents and photographs.[7] The Defendants identified the documents that they were providing in their January 9, 2012 disclosures as:

> UDFIT Investigation 10/19 – Bates 1-52
>
> Supplemental Report to UDFIT – Bates 53-87
>
> Officer Statements – Bates 88-101
>
> RMS reports – Bates 102-132
>
> Prosecutor Ruling – Bates 133-135
>
> Coroner's Report – Bates 136-159

---

[6] Defendants' Initial Disclosures, attached hereto as Exhibit 4.
[7] *Id.*

4

>SIU photographs – 114 images in a separate folder on disc.[8]

The Defendants averred that they would "supplement these disclosures when additional applicable information becomes available."[9] The Defendants jointly supplemented their disclosures on the following dates and with the following information:

1) On August 7, 2017 the Defendants disclosed the name and contact information for Dennisse Rodriguez;[10]

2) On August 10, 2017 the Defendants disclosed that they recently received additional information from the FBI, including a video file;[11]

3) On November 8, 2017 the Defendants jointly disclosed the name of Cleveland Police Detective David Borden.[12]

The next date on which the Defendants disclosed additional, relevant materials in this matter was in the City of Cleveland's May 16, 2018 motion for leave to file a second motion for summary judgment on Plaintiffs' *Monell* claims, that was filed more than six (6) months after the discovery cutoff and less than three (3) months before trial.[13] In said motion, the Defendant City of Cleveland asserted that it had written policies in place on September 30, 2010 that prohibited the use of excessive force and concerning the investigation of uses of force and of alleged officer misconduct.[14] The Defendant City of Cleveland attached copies of various written policies to its motion along with sworn declarations from Sgt. Patricia Chism, Officer Sean Smith, and Sgt. Jason Steckle of the Cleveland Police Department.[15]

---

[8] *Id*.
[9] *Id*.
[10] August 7, 2017 Supplemental Disclosure, attached hereto as Exhibit 5.
[11] August 10, 2017 Email correspondence from Defense counsel, attached hereto as Exhibit 6.
[12] November 8, 2017 Supplemental Disclosure, attached hereto as Exhibit 7.
[13] Defendant City of Cleveland's Motion for Leave, Doc #: 82.
[14] Motion for Summary Judgment, Doc #: 82-1, PageID #: 1094-1097.
[15] Exhibits to Motion for Summary Judgment, Doc #: 82-2 to Doc #: 82-11.

Sgt. Chism identified herself as the Officer in Charge of the Policy and Procedures Unit of the Cleveland Division of Police and incorporated four (4) General Police Orders into her sworn declaration that she averred were in effect on September 30, 2010.[16] The General Police Orders relied upon by Sgt. Chism and attached to her declaration concerned: 1) the role and composition of the Use of Deadly Force Investigative Team; 2) Investigations of police conduct; 3) Police Officer Training Standards; and 4) Use of Force Standards.[17]

Officer Sean Smith identified himself as the Officer-in-Charge of the Cleveland Police Academy.[18] Officer Smith's averments in his declaration, included but were not limited to: 1) the City of Cleveland having explicit written policies prohibiting officers from using excessive force while in performance of their duties; 2) the City of Cleveland's Police Academy being in compliance with the State of Ohio's Police Officer Training Council's standards; and 3) Annual in-service training requirements for Cleveland Police officers.[19]

Sgt. Jason Steckle identified himself as the current Acting Officer-in-Charge of the Cleveland Division of Police Internal Affairs Unit.[20] Sgt. Steckle's averments in his affidavit included, but were not limited to information regarding the Cleveland Police Department's policies and procedures for use of deadly-force investigations.

The City of Cleveland attempted to rely upon said declarations and the materials attached to said declarations despite the fact that the Defendants never previously disclosed any of those materials to Plaintiffs' counsel, let alone identified Sgt. Patricia Chism, Officer Sean Smith, and Sgt. Jason Steckle as individuals who likely had discoverable information in this matter. It also

---

[16] Sworn Declaration of Sgt. Patricia Chism, Doc #: 82-2.
[17] *Id*.
[18] Sworn Declaration of Officer Sean Smith, Doc #: 82-7.
[19] *Id*.
[20] Sworn Declaration of Sgt. Jason Steckle, Doc #: 82-9.

appears based on the materials disclosed by the Defendants on July 9, 2018, that the Defendants did not even provide their own expert, Dr. Martinelli, with the sworn declarations of Sgt. Chism, Officer Sean Smith, and Sgt. Jason Steckle, or with copies of the policies and procedures that Sgt. Chism, Officer Smith, and Sgt. Steckle attached to and incorporated into their declarations.

Accordingly, it is clear that the Defendants have failed to comply with the mandatory disclosure requirements of Federal Rule of Civil Procedure 26(a) and 26(e). As this Honorable Court is aware, Federal Rule of Civil Procedure 26(a) requires a party, without awaiting a discovery request, to provide to the other parties a copy of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.[21] Federal Rule of Civil Procedure 26(e) requires a party who has made a disclosure under Rule 26(a) to supplement or correct its disclosure in a timely manner if that party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information had otherwise not been made known to the other parties during the discovery process or in writing.[22] Pursuant to Civil Rule 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.[23]

As the Defendants have clearly willfully violated Civil Rule 26 in this matter by failing to timely disclose information that it intends to rely upon at the trial of this matter and by dumping more than 8,500 pages of records on Plaintiffs' counsel that have no relevance to this case, this Honorable Court should impose sanctions on them pursuant to Civil Rule 37 as said failures and

---

[21] Fed. R. Civ. P. 26(a).
[22] Fed. R. Civ. P. 26(e).
[23] Fed. R. Civ. P. 37(c)(1).

conduct cannot be considered justified and/or harmless and have been prejudicial to Plaintiffs, Plaintiffs' counsel, and Plaintiffs'expert.

### III. LAW AND ARGUMENT

This Honorable Court should impose sanctions on Defendant Zola and the Defendant City of Cleveland pursuant to Civil Rule 37 for their willful failures to comply with Civil Rule 26's disclosure requirements. "The Federal Rules of Civil Procedure set forth the discovery obligations of the parties and their attorneys, and authorize federal courts to impose sanctions on those participants who fail to meet these obligations." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500 (N.D. Ohio 2013). "In selecting a sanction under Rule 37, a court may properly consider both punishment and deterrence." *Id*. (citing *Bratka v. Anheuser-Busch Co.,* 164 F.R.D. 448, 459 (S.D. Ohio 1995)(citing *National Hockey League v. Metropolitan Hockey Club* (1976)*,* 427 U.S. 639, 643; (*Peltz v. Moretti*, 292 Fed. App'x. 475, 478 (6th Cir. 2008)); and *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)).

"The burden to prove that the failure to comply with discovery obligations was the result of inability and not due to willfulness, bad faith, or fault rests with the sanctioned party." *Id*. (citing *Reg'l Refuse Sys. v. Inland Seaway Marina*, 842 F.2d 150, 154 (6th Cir. 1988)). "The party requesting exclusion under Rule 37(c)(1) need not show prejudice, rather the non-moving party must show the exclusion was 'harmless' or 'substantially justified.'" *St. Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.,* 666 F. Supp. 2d 820, 826 (N.D. Ohio 2009)(citing *SPX Corp., v. Bartec, LLC*, 574 F. Supp. 2d 748, 757 (E.D. Mich. 2008)). "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.,* 388 F.3d

976, 983 (6th Cir. 2004)(citing *Musser v. Gentiva Health Servs.,* 356 F.3d 751, 758 (7th Cir. 2004)).

### A. THE DEFENDANT CITY OF CLEVELAND SHOULD BE PROHIBITED FROM PRESENTING ANY EVIDENCE IN DEFENSE OF PLAINTIFFS' *MONELL* CLAIMS

This Honorable Court should issue an order precluding the Defendant City of Cleveland from putting on any evidence in defense of Plaintiffs' *Monell* claims due to its failure to timely disclose any police department policies and/or procedures and/or other evidence in support of its defense. "Rule 37(c)(1) authorizes the trial court to exclude evidence that was withheld in violation of Rule 26(a) or (e). *St. Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.,* 666 F. Supp. 2d 820, 826 (N.D. Ohio 2009). "[C]ase law suggests that the exclusion of non-disclosed evidence is 'automatic and mandatory.'" *Id.* (citing *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.,* 388 F.3d 976, 983 (6th Cir. 2004)).

In *St. Gobain Autover USA, Inc.,* a district court judge from the Northern District of Ohio granted a plaintiffs' motion to prevent the defendants from raising the defense of obviousness in a patent infringement case due to the defendants' failure to comply with the disclosure requirements of Civil Rule 26(a) and (e). *Id.* at 827. The district court reasoned that the defendants failed to timely put the plaintiffs on notice as to the particular evidence that they intended to rely upon in support of their obviousness defense. *Id.* at 826-827. The district court further reasoned that the defendants failed to demonstrate that the plaintiffs were not harmed by their failure to supplement their disclosures regarding their obviousness defense prior to the fact discovery deadline. *Id.* at 826. The district court noted that had the plaintiffs known of the true nature of the defendants' defense, they could have conducted fact and expert discovery accordingly. *Id.*

9

Similarly, in the present matter, this Honorable Court should exclude the Defendant City of Cleveland from presenting any evidence in defense of the Plaintiffs' *Monell* claims as the Defendants failed to disclose any evidence in support of said defenses until more than six (6) months after the discovery deadline and less than three (3) months before trial.  The first time that the Defendants provided any materials regarding policies and procedures of the Cleveland Police Department and training of officers on use-of-force and use-of-deadly force was in its May 16, 2018 motion for leave to file a second motion for summary judgment.  Similarly, the Defendants never disclosed the names of the City of Cleveland Police Department employees who signed the sworn declarations regarding the policies, procedures, and training requirements of the Cleveland Police Department until it filed its May 16, 2018 motion.  Moreover, the policies and procedures that the Defendant City of Cleveland attempted to use in support of its motion for leave to file a second motion for summary judgment that it filed on May 16, 2018, were not the same policies and procedures that the Defendants previously disclosed to their expert and subsequently produced to the Plaintiffs' counsel on July 9, 2018.

The Plaintiffs have clearly been prejudiced by the late disclosure of said information and the Defendant City of Cleveland cannot show that its failure to timely disclose said information was harmless and/or substantially justified.  Accordingly, Civil Rule 37(e) mandates that this Honorable Court issue an order prohibiting the Defendant City of Cleveland from presenting any evidence in defense of Plaintiffs' *Monell* claims during the trial of this matter.

**B. THE DEFENDANTS SHOULD BE PROHIBITED FROM CALLING ANY WITNESS WHO THEY DID NOT IDENTIFY IN THEIR DISCLOSURES, FROM RELYING UPON ANY DOCUMENTS AND/OR MATERIALS THAT THEY DID NOT PRODUCE PRIOR TO THE FACT DISCOVERY CUTOFF DATE, AND FROM CALLING DR. MARTENELLI AS AN EXPERT WITNESS**

This Honorable Court should prohibit the Defendants from calling any witness that they did not specifically identify in their Rule 26 disclosures and from presenting any expert testimony from Dr. Martinelli in this matter due to their failure to timely identify said witnesses and timely disclose all of the materials that they provided to Dr. Martinelli for his analysis.  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  *LoggerHead Tools, LLC v. Sears Holdings Corp.*, 2016 U.S. Dist. LEXIS 127624, *3 (N.D. Ill. 2016).

In *LoggerHead Tools, LLC,* the district court granted the plaintiffs' motion to strike all references to and reliance on documents that the defendant's expert witness relied on in creating his rebuttal report, that the defendant's relied upon in their motion for summary judgment, and that the defendant intended to rely upon at trial due to the defendant's failures to comply with Rule 26 (a) and (e)'s disclosure requirements.  *Id*. at *2.  The district court in *LoggerHead Tools, LLC* noted that the plaintiff alleged that the defendant produced over 1,000 pages of previously undisclosed documents that its expert relied upon when making his rebuttal report.  *Id*. at *3.  The district court further noted that the plaintiff argued that the documents should be excluded and the portions of the rebuttal report which rely on the documents struck because the untimely production was prejudicial and the defendant had no justification for the delay.  *Id*. at *3-4.  The district court granted the plaintiffs motion to exclude as the defendant was unable to show that its

11

failure to disclose the documents was harmless as the defendants did not disclose said documents until after the discovery cutoff and less than four (4) months before trial.  *Id*. at *7-8.

Similarly, in the present matter, the defendants did not disclose all of the materials that they provided to their expert witness, Dr. Ron Martinelli, until July 9, 2018, ten (10) days prior his deposition, thirty-four (34) days prior to trial, and more than eight (8) months after the discovery deadline.  Plaintiffs' counsel has been prejudiced by said late disclosure as they have been in the process of and are continuing to review more than 10,000 pages of materials, most of which appear to entirely irrelevant to this case.  Further, as Plaintiffs' counsel has yet to identify all of the recently disclosed records that are relevant and that have not been previously disclosed, Plaintiffs' expert has not had the opportunity to review any of the recently disclosed records in preparing for trial.

As such, this Honorable Court should prohibit the Defendants from presenting any materials at trial that they did not disclose to the Plaintiffs prior to the December 8, 2017 discovery cutoff.  Accordingly, the Defendants should be limited to only using:  1) the materials bates stamped 1-159 and the 114 SIU photographs imaged on a disc that were provided in their January 9, 2012 disclosures; 2) the information from the FBI referenced in their August 10, 2017 email; and 3) any documents produced by the Plaintiffs in their initial disclosures and/or discovery responses.  Further, this Honorable Court should exclude the testimony of the Defendants' expert Dr. Ron Martinelli has he reviewed materials that that were solely in possession, custody, and control of the Defendants and that formed the basis of his analysis and findings that were not disclosed to Plaintiffs' counsel until July 9, 2018.

Moreover, this Honorable Court should also take into consideration that the Defendants only specifically identified two (2) witnesses in their prior Rule 26(a)(1)(A)(i) disclosures and

12

supplemental disclosures, Dennisse Rodriguez and Detective Borden. As to any other witness that the Defendants believe may have discoverable information that they intended to use to supports their defenses, the Defendants simply stated "[t]he names, addresses, and telephone numbers of each individual likely to have discoverable information are contained in the attached documents" that they bates stamped 1 through 159 in their January 9, 2012 disclosures.[24] Accordingly, this Honorable Court should prohibit the Defendants from calling any witnesses in this matter other than Ms. Rodriguez, Detective Borden, Defendant Zola, and former Defendants Shapiro and Shoulders due to the Defendants failures to comply with Rule 26's requirements.

### C. THE DEFENDANTS SHOULD BE SANCTIONED FOR THEIR JULY 9, 2018 DOCUMENT DUMP

This Honorable Court should sanction the Defendants and Defense counsel for the July 9, 2018 document dump of more than 8,500 pages of materials that have no relevance to this matter. "Federal Rule of Civil Procedure 26(g) provides that discovery responses must be signed by the responding party or party's attorney certifying to the best of the person's 'knowledge, information, and belief formed after reasonable inquiry' that the discovery responses are, in relevant part, 'consistent with the Federal Rules of Civil Procedure,' not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation,' and neither unreasonably nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." *Scott Hutchinson Enters. v. Cranberry Pipeline Corp.*, 318 F.R.D. 44, 51 (S.D. W.Va. 2016)(citing Fed. R. Civ. P. 26(g)(1)(B)). "The Rule further provides that 'if a certification violates this rule without substantial justification,' the court 'must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both,'

---

[24] Defendants' Initial Disclosures, attached hereto as Exhibit 4.

which 'may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id*. (citing Fed. R. Civ. P. 26(g)(3)).

In *Scott Hutchinson Enters.*, the district court held that the defendants' discovery responses did not comply with the requirements or spirit of federal discovery rules when said responses resulted in the plaintiff's counsel scouring through 4,447 pages looking for notations in said records that the defendants' knew, in advance, did not exist. *Id*. at *53.  The district court noted that it agreed with the plaintiff's counsel that the defendants' discovery responses constituted a "document dump" and were improper under the discovery rules. *Id*. at *54.  The district court stated that "[t]he term 'document dump' is often used to refer to the production of voluminous and mostly unresponsive documents without identification of specific pages or portions of documents that are responsive to the discovery requests." *Id*. (citing *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576-77 (M.D.N.C. 2002); (*Stooksbury v. Ross*, 528 F. App'x 547, 550 (6th Cir. 2013)).  The district court noted that "[s]uch a tactic can bury relevant evidence and force the receiving party to expend considerable time and expense parsing through documents in order to glean information which may be relevant." *Id*.  Accordingly, the district court found that sanctions against the defendants were warranted, and awarded $10,648.10 in attorneys' fees and costs to the plaintiffs for having to review 4,447 pages of documents that the court determined constituted a document dump. *Id*.

Similarly, in the present matter, this Honorable Court should impose sanctions, including an award of attorneys' fees for Plaintiffs' counsel having to review more than 8,500 pages of materials that were not relevant in this matter and for the time and expense that Plaintiffs' counsel incurred in questioning the defendant's expert, Dr. Ron Martinelli, during his deposition as to the relevancy of said records on his analysis and findings.  Further, to the extent that this

14

Honorable Court does not exclude the testimony of Dr. Martinelli and/or the documents that the Defendants provided to Plaintiffs' counsel on July 9, 2018 from the trial of this matter, this Honorable Court should order the Defendants to pay for Plaintiffs' expert's review of all of the materials reviewed and/or "thumbed through" by the Defendants expert to ensure that both experts have the opportunity to review and/or thumbed through the same materials in this case without needlessly increasing the Plaintiffs' litigation expenses.

WHEREFORE, this Honorable Court, pursuant to Civ. R. 37, should impose sanctions on the Defendants for their repeated failures to comply with Rule 26's disclosure requirements and for their impermissible document dump on Plaintiffs' counsel on July 9, 2018.

Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (0029498)
BRIAN A. MURRAY, Esq. (0079741)
Zukerman, Daiker & Lear, Co., L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
lwz@zukerman-law.com
bam@zukerman-law.com
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the forgoing was filed electronically on July 26, 2018.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Brian A. Murray
Brian A. Murray, Esq. (0079741)