IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dan Withers, Individually and As Administrator of the Estate of Danny Withers, Deceased, *et al.*, | ) ) ) | CASE NO. 1:11-cv-2004 |
| | ) | Judge Christopher Boyko |
| Plaintiffs, | ) ) | **DEFENDANTS'** *MOTION IN* |
| | ) | *LIMINE* **REGARDING** |
| v. | ) | **DEPARTMENT OF JUSTICE** |
| | ) | **INVESTIGATION AND CONSENT** |
| City of Cleveland, *et al.*, | ) | **DECREE** |
| | ) | |
| Defendants. | ) | |

Defendants, City of Cleveland and Detective Daniel Zola, respectfully move this Court for an order *in limine* prohibiting Plaintiffs from eliciting testimony or otherwise attempting to offer into evidence any matter relating to the United States Department of Justice ("DOJ") Investigation Reports or the Consent Decree.

**MEMORANDUM IN SUPPORT**

Plaintiffs seek to introduce two DOJ investigation reports which will likely lead to testimony regarding the Consent Decree. The first DOJ investigation report was authored in 2002 and was fully concluded by 2005. The second DOJ investigation report was authored in December 2014, years after this September 2010 incident occurred, and promptly resulted in a Consent Decree. These investigation reports were not authored or distributed to the City anywhere near the timeframe of the incident alleged in this Complaint and are far too remote in time to be relevant to this case. But this isn't the only reason these reports and consent decree should be excluded.

The DOJ's investigations into the use of force by the City of Cleveland's Division of Police were undertaken pursuant to 42 U.S.C. § 14141. The DOJ's preliminary investigation findings were predicated on a "reasonable cause to believe" standard and no equitable or declaratory relief finding was accomplished by the DOJ as would be contemplated by 42 U.S.C. § 14141(b). The DOJ's "reasonable cause to believe" conclusions, which Defendants anticipate Plaintiffs will attempt to present as "evidence," were never established and vetted through litigation, as would be contemplated by 42 U.S.C. § 14141(b).[1]

As set forth above, the 2014 investigation by the DOJ was promptly followed by a negotiated Consent Decree that was reached between the DOJ and the City of Cleveland and was approved by the Honorable Judge Solomon Oliver in *United States v. City of Cleveland*, No. 15-CV-1046 (N.D. Ohio May 26, 2015), ECF No. 3.

With respect to any attempt by Plaintiffs to use the Consent Decree as "evidence" in this case, the Consent Decree specifically recognizes:

> This Agreement will not be construed as an admission or evidence of liability under any federal, State, or municipal law including 42 U.S.C. § 1983. Nor is the City's entry into this Agreement an admission by the City, CDP, or its officers and employees that they have engaged in any unconstitutional, illegal, or otherwise improper activities or conduct. The Parties acknowledge the many CDP officers who have continued to work diligently and with integrity despite challenging circumstances. Consent Decree at 3-4, *United States v. City of Cleveland*, No. 1:15-cv-01046 (N.D. Ohio May 26, 2015), ECF No. 3.

---

[1] Moreover, as with most settlement agreements, the Consent Decree expressly acknowledges that the City, in entering the agreement, did not agree to the findings of the DOJ. (Consent Decree at 2-3, *United States v. City of Cleveland*, No. 1:15-cv-01046 (N.D. Ohio May 26, 2015), ECF No. 3).

Furthermore, under its express language, any attempt by Plaintiffs to use the Consent Decree as "evidence" is strictly prohibited:

> No person or entity is intended to be a third-party beneficiary of the provisions of this Agreement for purposes of any civil, criminal, or administrative action. Accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this agreement. Consent Decree at 97, *United States v. City of Cleveland*, No. 1:15-cv-01046 (N.D. Ohio May 26, 2015), ECF No. 3.

Thus, the Consent Decree expressly establishes that Plaintiffs are not third party beneficiaries for purposes of this civil action.

The DOJ is not a party to this present litigation, and the DOJ's investigations and the negotiated Consent Decree are not being litigated in the instant case. Nothing in the Consent Decree or the underlying reports constitute a finding of unconstitutional conduct on behalf of the City of Cleveland. Moreover, under its express language, Plaintiffs may not attempt to interject the matters found in the Consent Decree (or underlining reports) into this civil action. Therefore, neither the DOJ's investigation reports nor the Consent Decree are properly before this Court.

Judges in the Northern District have addressed this issue and already determined that the 2014 DOJ investigative report and Consent Decree are not sufficient, standing alone, to support an alleged *Monell* claim. See *Lopez v. City of Cleveland*, No. 1:13-cv-1930, 2016 WL 795855, *6 (N.D. Ohio Mar. 1, 2016)(Gaughan, J.); *Warren v. Tankersley*, No. 1:14-CV- 1006, 2015 WL 5567103, *4-5 (N.D. Ohio Sept. 21, 2015) (Nugent J.). Although this Court distinguished *Lopez* on the ground that "the court determined only that the plaintiff could not rely on the Consent Decree," this

finding conflicts with the plain language of the *Lopez* decision itself, which expressly stated that the plaintiff "improperly relies on the *DOJ investigation* <u>and</u> Consent Decree" to substantiate the alleged *Monell* claim. *Lopez*, 2016 WL 795855, at *6 (emphasis added).

Under prevailing Sixth Circuit law, the Plaintiffs bear a heavy burden to present sufficient evidence to show that they can satisfy *all* of the required elements of a *Monell* claim that is based upon an unwritten practice or custom: "(1) the existence of a *clear* and *persistent* pattern of [illegal activity]; (2) notice or constructive notice on the part of the [defendant]; (3) the [defendant's] tacit approval of the unconstitutional conduct, such that their *deliberate indifference* in their failure to act can be said to amount to official policy of inaction; and (4) that the defendant's custom was the '*moving force' or direct causal link* in the constitutional deprivation." *See Thomas v. Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2006) (emphasis added) (citing *Doe v. Clairborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1997)). Thus, if the Plaintiffs fail to present sufficient evidence to satisfy all four elements, they cannot establish a *Monell* claim as a matter of law.

A *Monell* claim simply cannot be established solely upon the unilateral, unsubstantiated, and uncontested "findings" of the DOJ, which were not actually "findings," but merely uncontested allegations based upon the "reasonable cause to believe standard" in 42 U.S.C. 14141(b). Here, while the 2014 DOJ investigate report alleges that there was "reasonable cause to believe" that certain police officers engaged in an alleged "pattern and practice" of excessive force, this "finding" simply does not, standing alone, constitute sufficient evidence to prove that the City of Cleveland had actual or constructive knowledge of a "clear and persistent pattern" of illegal conduct, and nevertheless exhibited "deliberate indifference" by failing to act in a manner that amounted to an "official policy of inaction."

This is particularly true when the report was written *years after* the incident in question.

Further, as other courts have observed, a DOJ investigation report cannot, standing alone, demonstrate that the City's alleged "official policy of inaction" was the "moving force" behind the alleged violation. There is simply no evidence in the record to establish a direct causal link between any alleged municipal policy and the specific conduct at issue in this case. *Lawson*, 2014 WL 1593350, at *14. "That is, in other words, no evidence supporting the conclusion that [an alleged] policy or custom of authorizing and/or not punishing the use of force as a general matter" caused this specific incident to occur. Thus, as the Fifth Circuit held in *Hicks-Fields*, a DOJ investigation report even if admissible, standing alone, is not sufficient "to clear the high bar of *Monell* liability…" *Hicks-Fields v. Harris Cty*., Texas, 860 F.3d 803 at 809-811; *see also Lawson*, 2014 WL 1593350, at *14 (holding that the "mere existence of the DOJ report and its findings . . . fail to demonstrate the requisite causation between a municipal policy and the conduct at issue in this case").

Finally, these reports should be excluded because none of the information contained in the reports is related to the use of deadly force in this case. In that regard, the admission of this evidence and any questioning or references on those issues will not be probative, but will be prejudicial to the City and Officer Zola, and will likely confuse or mislead the jury.

Evidence Rule 401 states that evidence is relevant if "it has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Evidence Rule 402, "[r]elevant evidence is admissible" except as otherwise provided under these rules." Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

To the extent that Plaintiffs will attempt to offer testimony and evidence, or make reference to the DOJ Investigations into the Cleveland Police Department and the resultant Settlement Agreement/Consent Decree between the DOJ and City of Cleveland, the City and Officer Zola states that such information would be highly prejudice to them because introduction of this information would mislead the jury by placing in their minds that if the allegations made by the DOJ regarding the Cleveland Police Department's use of force are true, then Officer Zola must have used excessive force in this case and the City must also be liable. This is prohibited under Rules 403 and 404, and any and all evidence on these issues should be excluded from this trial.

The DOJ Investigation Reports and Consent Decree are not timely or relevant to this case, do not constitute sufficient evidence to establish liability of either Defendant and unfairly prejudice the Defendants. Therefore, Defendants, City of Cleveland and Detective Zola, jointly, respectfully request an order from the Court prohibiting Plaintiffs from eliciting testimony or otherwise attempting to offer into evidence any matter relating to the United States Department of Justice investigations or Consent Decree.

Respectfully submitted,

**BARBARA A. LANGHENRY (0038838)**
**Director of Law, City of Cleveland**

By: s/*John P. Bacevice, Jr.*
**JOHN P. BACEVICE, JR. (0087306)**
Assistant Director of Law
**THOMAS J. KAISER (0014339)**
Chief Trial Counsel
**MARIAN KOUSAIE TONEY (0095831)**
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Fax: (216) 664-2663
Email: jbacevice@city.cleveland.oh.us
       tkaiser@city.cleveland.oh.us
       mtoney@city.cleveland.oh.us

*Attorneys for Defendant Detective Zola*

By: s/ *Janeane R. Cappara*
**JANEANE R. CAPPARA (0072031)**
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Fax: (216) 664-2663
Email: jcappara@city.cleveland.oh.us

*Attorney for Defendant City of Cleveland*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Motion in Limine was filed electronically on July 30, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

 s/*John P. Bacevice, Jr.*
**JOHN P. BACEVICE, JR. (0087306)**

*One of The Attorneys for Defendant Detective Zola*